### 7636.  BURNHAM *v.* THE STATE.

The evidence authorized the verdict of assault with intent to murder; the giving of instructions to the jury on the law relating to the offense of shooting at another was harmless; the law as to fears of a reasonable man, as a defense, was not applicable to the case, and the court did not err in refusing to charge the jury thereon, and did not err in refusing to charge on the theory of innocence as requested. If there were slight inaccuracies in the charge, they do not require a reversal of the judgment denying a new trial.

                    DECIDED OCTOBER 24, 1916.

Indictment for assault with intent to murder; from Dodge superior court—Judge Highsmith.    June 5, 1916.

*J. H. Milner, C. W. Griffin,* for plaintiff in error.

*W. A. Wooten, solicitor-general,* contra.

HODGES, J.   1.   The evidence and the statement of the accused showed that he and the person shot had been on unfriendly terms for a long time.   An election was being held to select school trustees, and the accused had his wife to bring him his pistol and cartridges, saying he was going to the polls to vote, and desired the pistol and ammunition for protection from his enemy, the prosecuting witness.   He met the prosecuting witness in a certain store and shot him twice from the front, and, while the wounded man was upon his knees, begging for mercy, shot the

third time, the bullet taking effect in the back. On the trial the accused did not introduce any testimony, but relied upon his statement, which failed to convince the jury. By their verdict they recommended him to mercy, and the presiding judge followed the recommendation. The fact that the accused was a cripple may have produced this result. The evidence authorized the verdict finding him guilty of assault with intent to murder.

2. The presiding judge did not err in his instructions to the jury, and, if there were slight inaccuracies in his charge, they were harmless and do not require a reversal.

3. When one shoots another in a spirit of revenge, while the person shot is begging him not to shoot any more, and, on his trial for the offense of assault with intent to murder, the law of shooting at another is given in charge by the court, such charge can not hurt the accused; and in such a case the doctrine as to the fears of a reasonable man, as a defense, has no application.

4. The court did not err in refusing to give the following charge, which had no application to the case: "If you believe, from all the circumstances of the case, that the situation was such as to excite the fears of a reasonable man, in the situation of the defendant, that a felony was about to be committed upon him, or that his life was in danger from the act of the prosecutor, and if he acted under the influence of those fears, and not in a spirit of revenge, and took the life of the prosecutor, then you should acquit him, notwithstanding you may believe that he was in no danger, and that if he had not acted, the prosecutor would not have committed a felony upon him."

5. The court did not err in refusing to give the following instructions, which had no application to the case: "If the evidence presents two theories, one of guilt and one consistent with the innocence of the accused, each equally supported by the evidence, it would be the duty of the jury to adopt the theory of innocence or acquit the accused." "In passing upon the evidence in this case, the jury may take into consideration the difference in size and strength and physical condition of the prosecutor and the accused, if any has been shown, and consider this evidence, if any, along with all the other testimony and facts and circumstance of the case."

6. The court did not err in overruling the motion for new trial.  *Judgment affirmed.*